UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

SUSAN LYNN ADAMS, ROBERT SKIPTON BARRINGTON, SR.

        Plaintiffs,

  v.

DEPUTY MICHAEL NOCON, DEPUTY DAVID BRUEGAL, DEPUTY SETO, DEPUTY DAVIS

        Defendants.

Case No. 2:07-CV-2083-FCD-EFB

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on plaintiff Robert Skipton Barrington, Sr.'s ("plaintiff") motions to modify the scheduling order, pursuant to Federal Rule of Civil Procedure[1] 16(b), and to file a first amended complaint pursuant to Rule 15.  Defendants oppose the motions.  For the reasons set forth below,[2] plaintiff's motion DENIED.

---

[1] All further references to a "Rule" are to the Federal Rules of Civil Procedure.

[2] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

1

**BACKGROUND**

Plaintiff alleges that on November 20, 2006, defendants illegally entered his property. (Pl.'s Compl., filed Oct. 3, 2007 ("Compl.") ¶ 10.) Defendants were acting under color of state law in their positions as Deputy Sheriffs for the San Joaquin County Sheriff's Department. (Id.) Defendants allegedly searched the property and seized a series of firearms, two katana Japanese swords, a personal computer, and other miscellaneous property. (Id. Exs. A & B.) Regarding the firearms, plaintiff alleges that some were entered into evidence with the Sheriff's Department, whereas others were simply stolen by defendants. (Id. ¶¶ 48, 53.) Plaintiff also alleges that during the search, defendants physically harmed plaintiff. (Id. ¶¶ 67, 68.)

Plaintiff alleges that in an attempt to cover up their thefts, defendants charged him with domestic violence against plaintiff Adams. (Id. ¶ 13.) A subsequent criminal trial relating to the domestic violence charges, in which plaintiff is the defendant, was commenced in the San Joaquin Superior Court. (Id. ¶ 13.) Plaintiff alleges that because Adams wouldn't testify against plaintiff in the criminal proceeding, defendants hired an unknown individual to shoot a firearm through plaintiff Adams' window, locked her inside her home by applying bars to the doors, and set a barn on fire that was located on the residence.

Plaintiffs filed this action on October 3, 2007, alleging that defendants violated their Fourth, Fifth, and Fourteenth Amendment rights. (Compl. ¶ 10.) Plaintiffs' complaint also alleges state law tort claims for assault, battery, conversion, and trespass. (Id. Part V, VI.) In the course of the state

1 criminal proceedings, the San Joaquin Superior Court issued an
2 order on October 22, 2007 for the San Joaquin Sheriff's
3 Department to release the inventoried weapons back to plaintiff.
4 (Proposed First Am. Compl., Ex. A to Herman Frank Decl., filed
5 April 28, 2008 ("FAC") ¶ 80.)  The Sheriff's Department refused
6 to comply when presented with the order on October 30, 2007.
7 (Id. ¶¶ 81, 82.)  As a result of these post-commencement
8 developments, on April 28, 2008, plaintiff filed the motion to
9 modify the pretrial scheduling order to allow them to file a
10 first amended complaint to include new state tort claims for
11 conversion and trespass.

**STANDARD**

Once the court has entered a pretrial scheduling order pursuant to Rule 16, the standards of Rule 16 rather than Rule 15 govern amendment of the pleadings.  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992); Eckert Cold Storage, Inc. v. Behl, 943 F. Supp. 1230, 1232-33 (E.D. Cal. 1996).[3]  Orders entered before the final pretrial conference may be modified only "upon a showing of good cause."  Fed. R. Civ. P. 16(b).  The good cause requirement of Rule 16 primarily considers the diligence of the party seeking the amendment.  The pretrial

---

[3] To rely solely on Rule 15 after a pretrial scheduling order has been entered would "render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." Sosa v. Airprint Systems, Inc., 133 F.3d 1417, 1419 (11th Cir. 1998); see also Mammoth Recreations, 975 F.2d at 610 (adopting Rule 15's standards for amending the complaint would "undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier"); Eckert Cold Storage, 943 F. Supp. at 1232 n.3.

1  scheduling order can only be modified "if it cannot reasonably be
2  met despite the diligence of the party seeking the extension."
3  Mammoth Recreations, 975 F.2d at 609.  When evaluating whether a
4  party was diligent, the Ninth Circuit has determined that "the
5  focus of the inquiry is upon the moving party's reasons for
6  modification.  If that party was not diligent, the inquiry should
7  end."  Id. at 610.

8      Only after the moving party has demonstrated diligence under
9  Rule 16 does the court apply the standard under Rule 15 to
10 determine whether the amendment was proper.  See Mammoth
11 Recreations, 975 F.2d at 608; Eckert Cold Storage, 943 F. Supp.
12 at 1232 n.3.  Pursuant to Rule 15(a), "leave [to amend] is to be
13 freely given when justice so requires."  "[L]eave to amend should
14 be granted unless amendment would cause prejudice to the opposing
15 party, is sought in bad faith, is futile, or creates an undue
16 delay."  Martinez v. Newport Beach, 125 F.3d 777, 785 (9th Cir.
17 1997).

**ANALYSIS**

19     Plaintiff seeks to amend his complaint to add two allegedly
20 "new" state law claims for conversion and trespass.  Defendant
21 argues that amendment of the complaint would be futile because
22 such claims were already alleged in plaintiff's original
23 complaint; and (2) plaintiff failed to comply with the California
24 Tort Claims Act ("CTCA"), California Government Code § 810 *et*
25 *seq.*, by failing to file timely notice of the proposed claims
26 within the requisite time period.

27     The court agrees.  A review of plaintiff's original
28 complaint, filed on October 3, 2007, reveals that plaintiff has

4

alleged a claim for conversion arising out of defendants' alleged failure to return guns seized and/or stolen during the search.[4] Plaintiff's complaint also alleges a claim for trespass arising out of defendants' entry onto plaintiff's property. Plaintiff's "new" claims are based on these same events. The proposed First Amendment Complaint simply separates these claims under different headings and adds factual allegations regarding what subsequently occurred in the state court criminal proceeding. As such, amendment of the complaint to add "new" claims, when such claims have previously been alleged, is futile.[5]

**CONCLUSION**

For the foregoing reasons, plaintiff's motion to modify the pretrial scheduling order and amend the complaint is DENIED.

IT IS SO ORDERED.

DATED: July 15, 2008

_____
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE

---

[4] To the extent plaintiff contends there are two separate categories of guns, those seized and never entered into evidence and those seized that were lawfully entered into evidence, the court finds that he alleged a claim of conversion with respect to both categories in his original complaint.

[5] Because the court holds that amendment would be futile as plaintiff's proposed "new" claims have already been pled, the court does not reach the merits of defendants' assertion that such claims are barred by the CTCA.

5